ISABELLA MCKINNEY *v.* RUBEN POWELL.

**Estoppel—By Record—Allegation in Former Pleadings.**

    It is evident that appellee knew that the appellant was a weak-minded and ignorant woman from the fact that in his answer to the original petition of Atkins he adopted the answer filed by her containing the statement, "that she is wholly unqualified by nature, by education, and as a woman, to examine into the indebtedness of her husband."

APPEAL FROM SCOTT CIRCUIT COURT.

November 4, 1871.

OPINION BY JUDGE HARDIN:

Although, on the question, whether the appellant had a sufficient mental capacity to take care of property or prudently transact any ordinary business, there is some contrariety of evidence. The evidence is abundant and convincing that she was a weak minded and ignorant woman; particularly liable, situated as she was

after her husband's death, to be over-reached and imposed upon in any disposition she might attempt to make of her interest in his estate.  She was not qualified to readily understand the nature or value of her legal rights, either as the devisee or widow of McKinney, and it is evident that the appellee knew this, for in his answer to the original petition of Atkins, he adopted the answer filed by her containing the statement "that she is wholly unqualified by nature, by education, and as a woman to examine into the indebtedness of her husband." The statements of that answer as well as those of the answer of the appellee import a belief that the mortgage claim of Atkins was unjust and invalid; but while the terms of the contract between the appellee and appellant indicates that he acted wisely on that belief, they conduce to an opposite conclusion as to her, for it is almost incredible that she would have either renounced the provisions of the will or sold her interest in the estate for $30.00 if she really anticipated the defeat of Atkins' claim and ·rightly comprehended the value of the rights of which she thus attempted to deprive herself.

The solicitude and haste manifested by the appellee to get the appellant to sell her interest to him, as well as the persuasive arguments he made to her to affect that object, though against the wishes of her father and mother, strongly conduce to the conclusion that he sought to take an unconscientious advantage of her; and as the renunciation of the will occurred after the execution of the deed and on the day the deed was made, when the appellee was apparently most interested in having it made, we must regard it as part of the same transaction and superinduced by the appellee.

We are of the opinion that neither the renunciation of the will nor the sale and conveyance to the appellee ought to stand; but the court should have set them both aside and proceeded to adjust the relative rights of the parties on equitable principles with reference to the $30.00 paid and improvements, if any were made, and the value of the garden appropriated by the appellee and the fair and reasonable rent of the property and waste, if any was committed.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Stevenson, Shepard, for appellant.*

*Robinson, for appellee.*